PEOPLE ex rel. WASHINGTON BLDG. CO. et al. v. FEITNER et al., Commissioners.

(Supreme Court, Appellate Division, First Department. March 23, 1900.)

TAXATION—INVALID ASSESSMENTS—REVIEW—PARTIES—JOINDER.
    Where the rights of persons assessed for taxes depend on varying facts, and where a determination of the right of one is not conclusive of the rights of others, they cannot join in an action to review the assessment. under section 250 of the tax law, providing that two or more persons assessed, who are affected in the same manner by the alleged illegality, error, or inequality, may unite in the same petition.

Appeal from special term, New York county.

Petition by the people, on relation of the Washington Building Company and others, against Thomas L. Feitner and others, as commissioners of taxes and assessments of the city of New York, for a writ of certiorari to review assessments for the year 1899.

From an order superseding the writ (63 N. Y. Supp. 319), the relators appeal. Affirmed.

Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY, O'BRIEN, and INGRAHAM, JJ.

J. M. Perry, for appellants.

James M. Ward, for respondents.

RUMSEY, J. There are 22 relators, owning separate pieces of property. The complaint of each one is that his assessment is erroneous by reason of overvaluation, and because it was made at a higher proportionate valuation than the assessment of other real estate on the tax rolls of the city of New York and in the borough of Manhattan, and in the assessment district of that borough in which the separate parcel is situated. The petition for the writ contains a separate statement in respect to each parcel, showing the amount of the assessment upon it, the value of it, the amount at which it should have been assessed to be in accord with the assessed valuation of other property in the neighborhood, and the instances of the assessment of other property which are compared with the assessment of each particular piece of real estate for the purpose of showing that the relators' property was overvalued, and unequally assessed. It is alleged generally, too, that the value of property in the borough of Manhattan, in which the relators' property is situated, was increased 17 per cent. over the valuation of 1898, and that the valuation of 1898 was fair. It is alleged that the valuation of the real estate in the borough of Brooklyn was increased only 7 $^{8}/_{10}$ per cent. in 1899 over the valuations of 1898, and it is claimed that, if the relators should succeed in establishing that the increase in the borough of Manhattan was so much greater than in the borough of Brooklyn, it would necessarily require a finding that the relators' property had been overvalued in comparison with property in the borough of Brooklyn. The court below superseded the writ because of the improper joinder of these relators.

It is very evident that a determination of the questions raised by these writs would require an examination of the valuation of each of these separate pieces of property the assessment of which is sought to be reviewed. The value of each piece must be ascertained, and it must be compared with the valuation of the other property of the neighborhood and in the city at large, and the question whether each piece has been overvalued must be determined separately by separate comparisons. Whatever may be done with regard to one piece of property can have no effect upon the correctness of the assessment of another piece. So not only is there no necessary connection between them, but, in the nature of things, a determination with respect to the assessment on one piece can have no bearing upon the determination as to any other piece. So far, then, as the question of the valuation of each particular piece depends upon a comparison with other pieces of property, there must be a separate comparison for each piece.

We cannot see how the allegation that the assessed valuation of

property in the borough of Manhattan has been increased 17 per cent. over the valuation of 1898, and that the assessed valuation in the borough of Brooklyn has been increased only 7 $^8/_{10}$ per cent., affords any basis for the correction of these individual assessments. If it should be established that both in the borough of Manhattan and Brooklyn the assessments of 1898 were correct and just, and it should further be established that the whole assessment of the borough of Manhattan had been advanced 17 per cent., while the whole of the borough of Brooklyn had been advanced 7 $^8/_{10}$ per cent., nothing then could be inferred as to the correctness of the valuation of either of the particular pieces of property included in this writ. The question would still remain, as to each, whether it had been overvalued. It would not follow, because the whole assessed valuation of a borough had been increased, that any particular piece therein had been overvalued because the general increase of the assessments of the whole borough would not necessarily show an increase in any particular piece, or, if it would, no presumption would arise that such piece had not increased in value so that its assessment was correct. In respect of each one it would still be necessary to have separate valuations and comparisons.

This writ is not given to the relator for the purpose of attacking the system of making assessments, except so far as the application of that system works injustice to him. The only question is whether the particular assessment has been made as required by the statute, and whether, when so made, it overvalues his property absolutely, or as compared with other similar property on the same roll. The general system that may be adopted is of no assistance in determining this case. Whenever a relator insists that his property has been overvalued, or that the assessment has been irregular, all that is necessary for the determination of the truth of that question is a comparison of the assessment and the valuation of his property with other property. It necessarily follows, therefore, that with respect to such a complaint as this, where the different properties whose assessments are attacked are not of the same nature, and necessarily not of the same value, there is no propriety in uniting several pieces of property in the same writ. As was well said by the learned trial justice, the permission given by section 250 of the tax law, "that two or more persons assessed upon the same roll, who are affected in the same manner by the alleged illegality, error, or inequality, may unite in the same petition, applies to a case wherein the adjudication upon the complaint of one taxpayer must necessarily determine the complaints of the others, where a number of taxpayers complain of their assessment for the same reason upon the same or identical facts." That is not so in this case; for, although in this case the relators complain of the assessments for the same reason, yet the determination of each relator's complaint requires an examination of a state of facts with respect to his property which is necessarily entirely different from the facts in respect to the properties of the other relators. Where a single issue is presented as to the illegal valuation or overvaluation of property, which, when determined, necessarily ad-

.judicates the rights of several people's interest in similar property, they may join in the proceeding; but they cannot join where their rights depend upon varying facts, and where a determination of the right of one is not conclusive as to the right of another.

As to the objection that the writ was not sued out in time, we have nothing to add to what was said in People v. Barker, 22 App. Div. 161, 47 N. Y. Supp. 1020.

The order must be affirmed, with costs. All concur.